IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **GAVIN SMITH, HAYLEY SMITH,** § § | |
| § | |
| **Plaintiffs,** § § | **CIVIL ACTION NO. 6:21-CV-00496-JDK** |
| § | |
| v. § § | |
| **FOREST RIVER, INC.,** § § § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 22, 2021, Plaintiffs Gavin Smith and Hayley Smith ("Plaintiffs") initiated this action against Defendant Forest River, Inc. ("Defendant") for violations of the Texas Deceptive Trade Practices Act, breach of warranty and/or contract, and negligence. (Doc. No. 1.) This case was set on a schedule (Doc. No. 9) and proceeded through the filing of Defendant's motion for summary judgment (Doc. No. 14). Thereafter, on November 29, 2022, Plaintiffs' counsel filed a motion to withdraw from the case, stating that Plaintiffs, his clients, were no longer communicating with him and had not been for some time. (Doc. No. 15.) The case was then referred to the undersigned. (Doc. No. 17.)

On December 29, 2022, the court issued an order setting a status conference on Plaintiffs' counsel's motion to withdraw. (Doc. No. 18.) The court ordered counsel and Plaintiffs to appear at a status conference on January 12, 2023, and warned Plaintiffs that a failure to appear or otherwise comply with the court's order, may result in dismissal of this action for failure to prosecute. (Doc. No. 18.) The court held a status conference on January 12, 2023, but Plaintiffs did not appear. At the hearing, counsel for Plaintiffs indicated that he had received a new address

for Plaintiffs that he could forward the court's notice to. As a result, the court issued a subsequent order directing Plaintiffs' counsel to forward the court's orders to the new address in Oklahoma and reset the status conference for February 16, 2023. (Doc. No. 22.) Plaintiffs again did not appear at the February 16, 2023 hearing. Plaintiffs' counsel informed the court that the notices were forwarded to Plaintiffs, and that all materials had been forwarded to Plaintiffs' new address and were in fact received by Plaintiffs on January 26, 2023. Plaintiffs' counsel informed the court that he has not heard from Plaintiffs in many months, despite numerous attempts to communicate with them. Having heard Plaintiffs' counsel's statements, the court granted his motion to withdraw and found that Plaintiffs have abandoned the case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed.R.Civ.P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiffs have not participated in this litigation in many months and have failed to appear at two hearings despite court orders ordering their appearance. Plaintiffs have failed to comply with court ordered deadlines, failed to respond to Defendant's motion for summary judgment, and have not communicated with the court or filed any correspondence. As such, the court finds that this case should be dismissed for want of prosecution and failure to obey an order.

Having abandoned their lawsuit, the court **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute. Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 16th day of February, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE